1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

          Plaintiff,

     v.

MARTIN MEDINA,

          Defendant.

Case No.  CR04-093L

ORDER DISMISSING INDICTMENT
WITHOUT PREJUDICE

     This matter comes before the Court on defendant's motion and supporting memorandum (Dkt. #s 142 & 143, respectively) to dismiss the indictment due to a violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*.  For the reasons set forth below, defendant's motion is granted and the indictment is dismissed without prejudice.

**A.    The Speedy Trial Act.**

     The Speedy Trial Act requires that a criminal defendant be brought to trial within 70 days of the indictment or of his initial appearance before a judicial officer, whichever occurs later. See 18 U.S.C. § 3161(c)(1).  The Act, however, provides several categories of "excludable delay," which are not counted when determining the 70-day limit.  Id. at § 3161(h).  From the filing of the indictment on March 3, 2004 to the date of this order, 402 days have passed.  As a result, the indictment must be dismissed unless 332 days of this delay fall within the categories of excludable delay.

ORDER DISMISSING INDICTMENT
WITHOUT PREJUDICE - 1

**1.     March 3, 2004 to September 14, 2004:  171 Excluded Days; 25 Included Days.**

Mr. Medina was indicted on March 3, 2004 (Dkt. # 28)[1] and was arraigned on March 11, 2004 (Dkt. # 35).  The day of the indictment is not included in computing the 70 days.  See U.S. v. Antoine, 906 F.2d 1379, 1380 (9th Cir. 1990).  In addition, § 3161(h)(1) allows for the exclusion of the day of the defendant's post-indictment arraignment.  See U.S. v. Haiges, 688 F.2d 1273, 1274-75 (9th Cir. 1982).  As a result, the days of March 3 and March 11 will not be included in the speedy trial calculation.

On March 30, 2004, Mr. Medina's co-defendant, Adalberto Contras-Coria, filed several pre-trial motions.  Mr. Contras-Coria pleaded guilty on September 13, 2004.  His pre-trial motions remained pending up to the date of his plea and were denied, as moot, on September 22, 2004.  The Speedy Trial Act excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion." 18 U.S.C. § 3161(h)(1)(F).  This is true regardless of whether the delay in holding the hearing on the motion could be considered "reasonably necessary."  Henderson v. U.S., 476 U.S. 321, 330 (1986).

The § 3161(h)(1)(F) exclusion, however, "applies only when the delay in bringing the case to trial is the *result* of the pending pretial motion."  U.S. v. Clymer, 25 F.3d 824, 830 (9th Cir. 1994) (emphasis in original).  Although usually "all pretrial delay that coincides with the pendency of a motion will occur as a result of that motion," id., that is not the case here.  The

---

[1]On March 30, 2005, the government issued a superceding indictment (Dkt. # 165-1), which included additional charges for assault in a federal prison (Count 5) and two charges of witness tampering (Counts 6 & 7).  Those charges were not factually related to the original charges and were severed prior to the dismissal of the indictment.  Accordingly, this motion to dismiss only address Counts 1-4 of the superceding indictment.  Even if Counts 5-7 had not been severed, however, they still would not have been subject to this speedy trial analysis.  With only certain, inapplicable exceptions, a new speedy trial clock begins for new offenses contained in a superceding indictment even if the superceding indictment contains some of the original charges.  See U.S. v. Alford, 142 F.3d 825, 829 (5th Cir. 1998) (citing U.S. v. Kelly, 45 F.3d 45, 48 (2nd Cir. 1995); U.S. v. Lattany, 982 F.2d 866, 872 n.7 (3rd Cir. 1992).

ORDER DISMISSING INDICTMENT
WITHOUT PREJUDICE - 2

period of time between the entry of Mr. Contras-Corias's guilty plea and the dismissal of his pretrial motions cannot properly be consider delay that is the *result* of those motions. The motions were moot once Mr. Contras-Coria entered his plea, and the fact that they remained pending on the Court's calendar would not have delayed the start of the trial of any of the co-defendants. As a result, the speedy trial clock was only tolled for the days from March 30, 2004[2] to September 13, 2004, inclusive.

The government filed a stipulated motion for a continuance on September 10, 2004, which was decided on September 14, 2004. Accordingly, September 14, 2004 is also excluded. See 18 U.S.C. § 3161(h)(1)(F).

**2.      September 15, 2004 to October 17, 2004: 2 Excluded Days; 31 Included Days.**

The September 14, 2004 order (the "September Order") granting the stipulated continuance extended the trial date to October 18, 2004. Defendant contends that this extension does not comply with the Speedy Trial Act and these days must be included in the 70-day period. Under § 3161(h)(8)(A), any period of delay resulting from a request for a continuance made by the Court or any of the parties is excluded from the speedy trial calculation, provided that

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A). The Court may consider four factors in determining whether an "ends of justice" continuance is warranted. Only the fourth factor is relevant here:

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the

---

[2]"[T]he day a party files a motion is excludable for speedy trial purposes." U.S. v. Daychild, 357 F.3d 1082, 1093 (9th Cir. 2004).

ORDER DISMISSING INDICTMENT
WITHOUT PREJUDICE - 3

defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv).

The government contends that the days from September 15 to October 13, 2004 are excludable as an ends of justice continuance. In order for such a continuance to be valid, "(1) the continuance must be 'specifically limited in time'; and (2) it must be 'justified on the record with reference to the facts as of the time the delay is ordered.'" U.S. v. Lloyd, 125 F.3d 1263, 1268 (9th Cir. 1997) (quoting U.S. v. Jordan, 915 F.2d 563, 565-66 (9th Cir. 1990)) (internal brackets omitted).

Since the September Order set a new trial date of October 18, 2004, the first requirement is satisfied. As for the second requirement, the September Order referred to, among other things, the stipulated motion in concluding that "[a]dditional time is necessary for the Government and defendants to complete plea negotiations or prepare for trial. The parties believe if granted additional time, a settlement may be reached with all or most of the defendants." Dkt. # 75 at p. 1.

"District courts may fulfill their Speedy Trial Act responsibilities by adopting stipulated factual findings which establish valid bases for Speedy Trial Act continuances." U.S. v. Ramirez-Cortez, 213 F.3d 1149, 1157 n.9 (9th Cir. 2000). Here, however, the stipulated motion is insufficient for several reasons. First, the Ninth Circuit has held that plea negotiations are not one of the factors that may be used to support an ends of justice continuance. See U.S. v. Perez-Reveles, 715 F.2d 1348, 1352 (9th Cir. 1983). Although it often makes sense to continue a trial in order to facilitate plea negotiations and the Ninth Circuit has expressed some willingness to re-address this issue en banc, see U.S. v. Ramirez-Cortez, 213 F.3d 1149, 1155 (9th Cir. 2000), it has yet to do so. In the meantime, the law of the Circuit is clear: a continuance for the purpose of conducting plea negotiations is not excludable under the Speedy Trial Act. See id. at 1155-56.

The alternative reason for granting the continuance, that the parties needed more time to

ORDER DISMISSING INDICTMENT
WITHOUT PREJUDICE - 4

prepare for trial, also fails to withstand close scrutiny.  Although § 3161(h)(8)(B)(iv) allows continuances when reasonably necessary for the defendant or the government to prepare for trial, the stipulated motion does not state that the parties require the additional time to prepare *for trial*; it states that the parties need the additional time to complete plea negotiations.  See Dkt. # 59 at p. 3 ("Without a continuance, it is unlikely that the government can complete the defendant interviews and follow-up investigations and at the same time complete plea negotiations for the five defendants in this case").  Although it may seem like splitting hairs, preparing plea negotiations and preparing for trial are not the same thing, and this Court is constrained by the Ninth Circuit's holding that the Speedy Trial Act does not exclude continuances to enable the parties to conduct plea negotiations.

The stipulated motion contains a third infirmity.  Prior counsel for Mr. Medina provided telephonic approval for her signature to be included on the stipulated motion.  In her April 6, 2004 testimony, prior counsel asserted that she had stipulated to a continuance and had agreed to the date, but had not agreed to or seen the contents of the motion prior to its submission.  As a result, there is some question as to whether this motion contains stipulated *facts* upon which this Court can rely.  See Ramirez-Cortez, 213 F.3d at 1157 n.9 (asserting that district courts may adopt "*stipulated factual findings* which establish valid bases for Speedy Trial Act continuances") (emphasis added).  To avoid confusion as to whether the parties are stipulating to the facts asserted in the motion or merely stipulating to the request for a continuance, the better practice is for the stipulating attorney to submit a separate stipulation that makes the extent of her agreement clear.  See U.S. v. Shetty, 130 F.3d 1324, 1330 (9th Cir. 1997) (noting with approval that the district court required the parties to submit stipulations which specifically reflected that they agreed upon the factual circumstances supporting each continuance).

For each of these reasons, the continuance granted on September 14, 2004 did not satisfy the requirements under the Speedy Trial Act.  31 days of this period must be included in the 70-day calculation.  Two of the days during this period, October 13 and 14, are excluded due to

ORDER DISMISSING INDICTMENT
WITHOUT PREJUDICE - 5

1    pre-trial motion practice.  See  Dkt. # 84; § 3161(h)(1)(F).

2    **3.      October 18, 2004 to January 10, 2005:  85 Excluded Days; 0 Included Days.**

3          On October 13, 2004, former counsel for Mr. Medina filed a stipulation and proposed

4    order requesting a continuance of the trial from October 18, 2004 to January 1, 2005.  Dkt. # 84.

5    The stipulation asserted that the parties needed the continuance because 1) the government had

6    recently provided defense counsel with audio CDs of recorded conversations between Mr.

7    Medina and an undercover officer that had not previously been disclosed; 2) the parties wished

8    to have more time to conduct plea negotiations; and 3) defense counsel was about to begin an

9    unrelated criminal trial that was expected to last 6 to 8 weeks.  See Dkt. # 84 at pp. 1-2.  On

10   October 14, 2004, the Court signed the document containing the stipulations and granted a

11   continuance until January 10, 2005 (Dkt. # 85).

12         This time is properly excluded from the speedy trial calculations.  A continuance may be

13   granted to allow a party time for "effective preparation."  § 3161(h)(8)(B)(iv).  Although

14   defendant complains that the discovery could have been provided earlier with due diligence, it

15   does not appear as if the audio CDs were kept from defense counsel as the result of any dilatory

16   tactics or any inexcusable delay.  Furthermore, an ends of justice continuance may be granted to

17   ensure continuity of counsel.  See § 3161(h)(8)(B)(iv); see also U.S. v. Nance, 666 F.2d 353,

18   358 (9th Cir. 1983) (unavailability of defense counsel valid reason for ends of justice

19   continuance).

20   **4.      January 11, 2005 to April 8, 2005:  53 Excluded Days; 35 Included Days.**

21         On December 29, 2004, this Court granted a stipulated motion continuing the trial date

22   until March 21, 2005 on the grounds that "additional time is necessary for the government and

23   defendant to explore the possibility of a settlement short of trial or to fully prepare for trial, if

24   necessary."  Dkt. # 113 at p. 1, the "December Order."  This order, too, relied on the parties'

25   stipulated motion and, like the September Order, is insufficient for purposes of the Speedy Trial

26   Act.  As noted above, continuing a trial in order for the parties to negotiate a plea agreement

27

28   ORDER DISMISSING INDICTMENT
     WITHOUT PREJUDICE - 6

does not satisfy the Speedy Trial Act.  In addition, the stipulated motion of the parties contains scant support for the conclusion that a continuance was needed for effective trial preparation. Instead, the stipulated motion only describes the difficulties the parties had in reaching a plea agreement.  Preparation for trial is only mentioned as an afterthought and without any specific supporting details.  See Dkt. # 112-1 at p. 2 ("This additional time is necessary to complete plea negotiations and to allow the parties to fully prepare for trial, if necessary").  Such conclusory statements do not satisfy the Speedy Trial Act's requirement that the facts supporting a continuance be set forth with specificity.  See U.S. v. Martin, 742 F.2d 512; 514 (9th Cir. 1984) (ends of justice continuance "must be based on specific underlying factual circumstances").[3]

Only the days from January 11, 2005 to February 14, 2005 may be included in the speedy trial calculation, however.  The speedy trial clock has been tolled since February 15, 2005 due to pre-trial motion practice, including Mr. Medina's motion for new counsel.

### 5.      Total Excluded and Included Days.

Only 311 of the days that have lapsed since Mr. Medina was indicted should be tolled for Speedy Trial Purposes.  91 of the days must count towards the speedy trial clock.  Since Mr. Medina was not tried within 70 days of the date of the indictment, the charges against him must be dismissed.  See 18 U.S.C. § 3162(a)(2).

### B.    Dismissal With or Without Prejudice.

Although dismissal is mandatory, the Court must still consider whether the case should be dismissed with or without prejudice.  The Speedy Trial Act lists three, non-exclusive factors that a court must consider when deciding whether to dismiss with or without prejudice:

> the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice.

---

[3]As with the September Order, it is not clear whether defense counsel stipulated to the facts in the motion, or just to the request for a continuance.  As a result, even if the specificity requirements were met, it is not clear whether this Court could rely on the stipulated motion as a factual basis for granting the continuance.

ORDER DISMISSING INDICTMENT
WITHOUT PREJUDICE - 7

1   18 U.S.C. § 3162(a)(2). "The choice of whether to dismiss with or without prejudice depends on

2   a careful application of the statutorily enumerated factors to the particular case; there is no

3   presumption in favor of either sanction." <u>Clymer</u>, 25 F.3d at 831.  The Court considers the

4   parties' oral and written arguments, as well as the testimony during the April 6, 2004 hearing in

5   concluding that the case should be dismissed without prejudice.

6        Mr. Medina does not contest that his offense is serious.  He does argue, however, that this

7   factor carries minimal weight when compared with the seriousness of the delay.  Any delay that

8   causes a violation of the Speedy Trial Act is serious.  This is especially true when, as here, the

9   defendant is in detention pending the outcome of his criminal case.  Being mindful of the toll

10  that this process has taken on Mr. Medina, however, this Court does not believe the 21-day

11  delay to be extreme.  <u>Compare</u> <u>Clymer</u> 25 F.3d at 831-822 (5 month delay warranted dismissal

12  with prejudice).

13       The facts and circumstances leading to the Speedy Trial Act violation also do not warrant

14  dismissal with prejudice.  The violations here are more technical than substantive.  Defense

15  counsel agreed to the continuances, even if the substance of the stipulated motions and orders

16  did not meet the technical requirements of the Speedy Trial Act.  In addition, there is no

17  evidence that the Defendant will suffer any prejudice as a result of the delay.  Moreover, the

18  government has proffered numerous valid reasons for the continuances that, if they had been

19  included in the stipulated motions, would have satisfied the Speedy Trial Act requirements.

20       For instance, the government noted that the delays coincided with the Supreme Court's

21  review of the federal sentencing guidelines.  <u>See</u> <u>U.S. v. Martin</u>, 742 F.2d 512, 514 (9th Cir.

22  1984) (awaiting disposition of relevant Supreme Court decision valid reason for continuance).

23  In August, 2004, the Supreme Court granted certiorari in <u>U.S. v. Booker</u> and <u>U.S. v. Fanfan</u>.

24  <u>See</u> __ U.S. __, 125 S. Ct. 11 (2004) <u>and</u> __ U.S. __, 125 S. Ct. 12 (2004).  These appeals

25  directly challenged the constitutionality of the Congressional guidelines used by the federal

26  courts in determining criminal sentences.  The Supreme Court did not issue its decision in these

27

28  ORDER DISMISSING INDICTMENT
    WITHOUT PREJUDICE - 8

1   cases until January, 2005.  See U.S. v. Booker, __ U.S. __, 125 S. Ct. 738 (2005).   In the

2   meantime, the Ninth Circuit had issued a decision regarding the constitutionality of the

3   sentencing guidelines.  See U.S. v. Ameline, 376 F.3d 967, 969 (9th Cir. 2004), rehearing granted

4   by, opinion withdrawn by 2005 U.S. App. LEXIS 2033, substituted opinion at 2005 U.S. App.

5   LEXIS 2032 (9th Cir. 2005).  Although the Booker decision did not affect the sea-change in the

6   sentencing guidelines that so many had anticipated, it certainly was reasonable for both the

7   government and defense counsel to continue the trial proceedings during the pendency of the

8   appeals.  The Booker decision had the potential of significantly altering both the elements to be

9   proven at trial and the sentencing range that Mr. Medina would face if found guilty.

10          In addition, the government asserted that the guilty pleas entered by Mr. Medina's co-

11   defendants altered the landscape of the case in ways that would have justified a continuance.

12   Although the pleas certainly lightened the government's burden at trial, it presented challenges

13   in trial preparation.  For instance, the government convincingly argued that continuances would

14   have been necessary to determine what evidence the pleading witnesses would proffer and

15   whether any of them would be called as witnesses at Mr. Medina's trial.  If these facts had been

16   before the Court at the time the continuances were requested, it is likely that no violation of the

17   Speedy Trial Act would have occurred.

18          The third factor also weighs in favor of dismissal without prejudice.  There is no evidence

19   that the Speedy Trial Act violation was the result of bad faith on the part of the government.

20   This Court, as well as both counsel, bear their fair share of responsibility for the Speedy Trial

21   Act violation.  Under the circumstances, the administration of justice and the considerations of

22   the Speedy Trial Act do not warrant dismissing the case with prejudice.

23   **C.    Speedy Trial Waivers.**

24          One final issue needs to be addressed.  Four of the continuance orders required Mr.

25   Medina to execute a waiver of speedy trial.  See Dkt. #s 50, 75, 85 & 113; but see Dkt. #s 54 &

26   117.  In each of these instances, counsel for Mr. Medina failed to provide a waiver of speedy

27

28   ORDER DISMISSING INDICTMENT
     WITHOUT PREJUDICE - 9

1  trial rights signed by Mr. Medina.  Although a speedy trial waiver is neither necessary nor

2  sufficient for complying with the Speedy Trial Act, see Lloyd, 125 F.3d at 1268, the waiver is

3  still quite useful.  It provides the Court with some certainty that the defendant has been informed

4  of the need for a continuance and consents to the request.  Moreover, the failure to provide a

5  waiver violated a necessary condition imposed by this Court for granting a continuance, and

6  suggests that the parties did not take the mandates of the Speedy Trial Act, or the orders of this

7  Court, seriously enough.  Although the failure to provide a speedy trial waiver is not significant

8  enough to warrant dismissal with prejudice, this Court will, from this point forward, require

9  speedy trial waivers to be filed *before* it grants any stipulated motions to continue.

10  **D.      Conclusion.**

11          For all of the foregoing reasons, the indictment is dismissed without prejudice.

13          DATED this 8th day of April, 2005.

15          _MNP S Casnik_

16          Robert S. Lasnik
17          United States District Judge

28  ORDER DISMISSING INDICTMENT
    WITHOUT PREJUDICE - 10